TEXTO COMPLETO DE LA RESOLUCION
Los señores Roberto González Lago y Gerardo Fernández Martell solicitan la revocación de la resolución de la Junta de Planificación de Puerto Rico que autorizó la enmienda a la consulta de ubicación presentada por las Empresas Stewart para la extensión del Cementerio Vivaldi de Mayagüez. La enmienda se refiere a la redistribución en un terreno más amplio de la construcción de ocho mil (8,000) fosas previamente aprobadas. Plantean que la Junta de Planificación carece de facultad para autorizar la enmienda cuando el proponente no la ha justificado, a la luz del Plan de Usos de Terrenos. Alegan, además, el incumplimiento con la sección 7.02 del Reglamento de Procedimiento para las Decisiones Adjudicativas en el proceso de autorización de la enmienda.
Consideradas las posiciones de las partes, a la luz del expediente y del derecho aplicable, procede denegar el recurso.
Los hechos medulares que enmarcan la controversia, según surgen del expediente, son los siguientes. El 16 de junio de 1995, las Empresas Stewart presentaron una consulta de ubicación para realizar una extensión al Cementerio Vivaldi de Mayagüez, localizado en un distrito R-l. El proyecto consistía en el desarrollo de 10.0056 cuerdas de terreno en el cual se constmirían ocho mil (8,000) fosas, áreas de oficina, capillas, estacionamiento y áreas verdes. Mediante resolución de 28 de agosto de 1997, la Junta de Planificación aprobó la referida consulta.
El 21 de julio de 1998, las Empresas Stewart, representadas por el arquitecto Tony Martín, solicitaron de la Junta una enmienda para someter un incremento de 11.1805 cuerdas, para un total de 21.1861 cuerdas, para la ampliación del cementerio a fin de acomodar las ocho mil (8,000) fosas previamente aprobadas.
Durante el procedimiento para evaluar la aprobación de esa enmienda, los señores Roberto González Lago y *893 Gerardo Fernández Martell se opusieron al proyecto. Los planteamientos presentados fueron, en síntesis, que la consulta no podía considerarse como una enmienda, sino como una nueva consulta, que la Junta carece de facultad en ley para autorizar el proyecto por no haberse justificado a la luz del Plan de Usos de Terrenos de Puerto Rico, que el proyecto no evaluó el impacto vehicular y que no se justificó su necesidad.
En la resolución recurrida, de 3 de agosto de 2000, la Junta de Planificación autorizó el proyecto como una enmienda a la consulta de ubicación previamente autorizada. En dicha resolución, incluyó determinaciones de hechos y conclusiones de derecho, en las que consideró los planteamientos de los opositores.
En lo pertinente, la Junta concluyó que como consecuencia de la lotificación del terreno en consulta, se hace imposible la utilización de los terrenos para un uso distinto al propuesto, en vista de que forman parte de unos terrenos destinados a uso institucional y que con la aprobación de la consulta se lograría una planificación integral del sector y la mejor utilización de los terrenos. Determinó que el proyecto cuenta con la infraestructura y los endosos necesarios para su aprobación. Sobre las oposiciones al proyecto, señaló que, en el uso de su discreción, entendía que los cambios solicitados no requerían la presentación de una nueva consulta; no obstante, al evaluar la enmienda realizó una evaluación ambiental, consultó agencias y celebró vistas públicas. Dispuso que, conforme el derecho, no existe impedimento legal para que la Junta adjudique un proyecto que sólo ocupa parte de la totalidad del predio. En relación al señalamiento de ausencia de un estudio de tránsito, indicó que este tipo de proyecto no genera un flujo de tránsito tan significativo que requiera un estudio al respecto.
Los recurrentes arguyen en el recurso que las razones aludidas para la enmienda, no cumplen con los requisitos reglamentarios y que la Junta carece de facultad para autorizar la consulta, la que no se justificó a la luz del Plan de Usos de Terrenos.
El alcance de la función revisora de este Tribunal, en casos de la naturaleza del que consideramos, está delimitada, en primer lugar, por la norma que requiere confirmar las determinaciones de hechos de la agencia administrativa, siempre que sean sostenidas por evidencia sustancial obrante en el expediente administrativo En segundo lugar, por la norma que proscribe la sustitución del criterio del organismo administrativo por el judicial, excepto cuando aquél sea errado en derecho, arbitrario o irrazonable. Sección 4.5 de la Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. see. 2175; Misión Industrial de Puerto Rico v. Junta de Planificación, 142 D.P.R. _ (1997), 97 J.T.S. 79, pág. 1161; Misión Industrial de Puerto Rico v. Junta de Planificación, et als, 142 D.P.R. _ (1997), 97 J.T.S. 34, pág. 719; Fuertes y otros v. A.R.P.E., 134 D.P.R. 947, 953 (1993); Murphy Bernabé v. Tribunal Superior, 103 D.P.R. 692 (1975).
La evidencia sustancial es aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión. Para que un tribunal pueda determinar que la evidencia en el expediente administrativo no es sustancial, es necesario que la parte afectada demuestre que existe otra prueba en el récord que razonablemente reduzca o menoscabe el peso de la evidencia. W. Ramírez Rivera v. Dept. de Salud y Administración de Salud Mental y Contra la Adicción, 147 D.P.R. _ (1999), 99 J.T.S. 47, pág. 817; Hilton Hotel v. Junta de Salario Mínimo, 74 D.P.R. 670 (1953).
Bajo esas normas, pasemos a evaluar los planteamientos del recurso.
Alegan los recurrentes que erró la Junta al aprobar el proyecto como una enmienda a la consulta original, a pesar de que las razones para la enmienda no cumplen con la sección 7.02 del Reglamento de Procedimiento para las Decisiones Adjudicativas de la Junta de Planificación, Núm. 6031 de 12 de noviembre de 1999.
La sección 7.02, supra, dispone:

“Consideración de enmiendas a consultas- De surgir la necesidad de hacer cambios a un proyecto que altere la consulta aprobada, se deberá someter una solicitud de enmienda a la Junta explicando en detalle la razón para la misma, así como toda la documentación (planos, estudios, etc.), pertinente y necesaria para que la Junta 
*894
pueda tomar la determinación correspondiente... Como resultado de la evaluación de los cambios propuestos y dependiendo de la naturaleza y magnitud de los mismos con relación a la consulta original, la Junta podrá requerir la radicación de una nueva consulta y el cobro correspondiente.... ”,

Como surge de lo anterior, el referido Reglamento le confiere a la Junta discreción para evaluar una solicitud de enmienda, y a la luz de la magnitud y naturaleza de los cambios propuestos, adjudicarla como una enmienda a la consulta original o reiniciar los trámites como si se tratara de una nueva consulta. La solicitud de enmienda debe establecer su necesidad y razón, acreditar que los cambios no son de tal magnitud que ameriten una nueva consulta, y explicar los detalles y su justificación.
Según la resolución, se justificó la necesidad de la redistribución solicitada en la enmienda con el propósito de brindar mayor comodidad y espacio entre las fosas y lograr un mejor desarrollo paisajista de los terrenos. Además, se indicó que al agrupar los terrenos, se hace prácticamente imposible su utilización para un uso distinto al del proyecto. La Junta dispuso que la planificación integral y el mejor uso de los terrenos, justificaba el uso institucional solicitado. En cuanto a la magnitud del proyecto, no surge que la enmienda incremente el uso propuesto.
La actuación de la Junta está respaldada por el expediente y por la ley y.los recurrentes no han demostrado lo contrario. No hay base alguna en el expediente que sostenga la violación a la sección 7.02 del Reglamento o que rebata la presunción de corrección que cobija las decisiones administrativas.
Los recurrentes también alegan que la Junta carece de facultad para autorizar el proyecto en consulta, máxime cuando no se justificó a la luz del Plan de Usos de Terrenos. Arguyen que encontrándose la finca en cuestión en un distrito R-l, esto es residencial, y no estando el uso como cementerio entre los usos dispuestos para este tipo de distrito por la sección 99.06 del Reglamento de Zonificación, Reglamento de Planificación Núm. 4 de 16 de septiembre de 1992, la Junta carece de facultad para aprobar tal uso en un distrito R-l. Añaden que la finca agrupada se encuentra localizada dentro del Mapa de Expansión Urbana del pueblo de Mayagüez y que el Plan de Usos de Terrenos de Puerto Rico propone el uso intensivo de dichas áreas para la formación de núcleos urbanos y su densificación a través de constmcción de viviendas. Por tanto, plantean que el propósito urbano es el de primera prioridad y no así el uso de tales terrenos como cementerio, por lo que era necesario un cambio de zonificación y variación a su uso.
La Junta consideró la enmienda a la consulta como un desarrollo extenso, según el uso propuesto y la extensión del predio. La sección 97.01 del Reglamento de Zonificación, supra, autoriza a la Junta a considerar proyectos de desarrollos extensos, independientemente del distrito en que se propongan. A la luz de tal disposición, la Junta tiene facultad para autorizar la enmienda solicitada para la ampliación del cementerio, aun cuando el proyecto se encuentre localizado en el distrito R-l, sin que se requiera que se cumplan con los criterios de variación.
La sección 97.07 del Reglamento de Zonificación dispone los criterios a evaluar para el desarrollo de proyectos institucionales como el propuesto en la enmienda solicitada. Estos criterios son:

“1. Celebrar vista pública con notificación a los dueños de las propiedades en un radio de cien (100) metros del área en que se propone el proyecto.

2. El proyecto estará conforme con las recomendaciones del Plan de Usos de Terrenos hasta donde éste haya sido adoptado o estudiado.

3. Si la infraestructura necesaria para atender las necesidades del proyecto propuesto y mitigar sus efectos directos e indirectos, está disponible o puede proveerse. ”

La Junta, luego de celebrar vista pública, evaluó el proyecto a la luz de cada uno de los criterios antes *895 señalados. Tomó en consideración los Objetivos y Políticas Públicas del Plan de Usos de Terrenos de Puerto Rico; determinó que estando enclavada la finca en cuestión, se hace prácticamente imposible la utilización del terreno para usos distintos al propuesto en la enmienda, ya que requeriría que residencias compartieran espacio y acceso con un cementerio. A tales efectos y en virtud de lograr la mejor utilización de los terrenos, éstos debían usarse en el uso institucional solicitado. Determinó, además, que por tratarse de la operación de un cementerio, no se requiere una utilización intensa de infraestructura y que el proyecto contaba con la infraestructura necesaria para su operación, así como con los endosos agencíales correspondientes.
Aunque el Mapa de Expansión Urbana del pueblo de Mayagüez proponga como objetivo primordial la densificación urbana, ese objetivo tiene que estar acorde con las condiciones reales de los terrenos en desarrollo. La Junta de Planificación, dentro de sus facultades de ley, consideró que no procedía un desarrollo residencial que comparta accesos y terreno con un cementerio, y que el mejor uso del terreno era el propuesto en la enmienda. Esa determinación resulta razonable.
En conclusión, no existe en el expediente evidencia que demuestre que la Junta incurrió en los errores señalados al evaluar el proyecto o que abusó de su discreción. Procede la aplicación de la norma de conceder gran consideración y deferencia a la decisión aquí cuestionada, en vista de la experiencia y el conocimiento especializado de la Junta de Planificación, cuya decisión no fue controvertida.
En virtud de lo antes expuesto, se deniega la expedición del recurso.
Lo acordó el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General